Morrison
vs
Glass.

ASSUMPSIT.

Case 57.

Oct. 21.

The case stated.

Where a note is assigned which appears to have been given for land, and it is proved that the land has not been conveyed, tho' diligence by suit against the obligor has been used, the assignor is not responsible until the lien upon the land has been exhausted.

## Morrison *vs* Glass.

### ERROR TO THE CHRISTIAN CIRCUIT.

*Assignor and assignee. Diligence. Lien.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action of assumpsit brought by Glass against Morrison, as assignee of a note, on the return of *nulla bona* on an execution against Owen, the obligor.

We think that sufficient diligence was used in the prosecution of the suit against Owen, to sustain the plaintiff's action. The diligence is such as a prudent man would have used in the prosecution of his own claim.

But it appears from the face of the assigned note, that it was given in part consideration of a tract of land sold by Morrison to Owen, and it was proven that the title had not been conveyed, which was known to Glass before the institution of this suit. Morrison, therefore, held a lien upon the land to secure the consideration, a rateable share of which passed by the assignment of the note to Glass. This lien Glass was bound to pursue to exhaustion before he had a right to pursue Morrison at law on his personal liability as assignor. The whip was

placed in his hands by the assignment of the note, and he was bound to use it, not only in pursuing the obligor at law, but also in pursuing the equity which the assignment carried with it to his use, before he had a right to turn on the assignor.

The judgment is, therefore, reversed, and cause remanded, that a judgment may be rendered against the plaintiff as in case of a non-suit, as asked by the defendant's counsel.

*Cates & Lindsey* for appellant.